UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA CHEATHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-02193 |
| | § | |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTIONS TO EXCLUDE

### I.

Before the Court are the motions to exclude the expert testimony of Dr. Robert Goldstern and Nora Ostrofe [DE's 124 and 126, respectively). Also, before the Court the experts' reports and the arguments presented by counsel by submission. The Court has examined the motions, any responses and the reports submitted and determines that both motions should be Denied.

Addressing the motions in turn, the Court will address the defendant's motion concerning Dr. Goldstein's proposed testimony. In his report, Goldstein concludes that as a result of the plaintiff's work environment and experiences, she suffers from Post-Traumatic Stress Disorder ("PTSD") and that the PTSD is casually related to the working conditions that the plaintiff encountered at Schlumberger.

## II.

The defendant asserts, as fatal flaws, that Dr. Goldstein's assessment of PTSD is based on "a virtual meeting" with the plaintiff that lasted from 1 ¼ to 2 hours, and the medical records of Drs. Meyers and Alexander. Hence, the defendant argues that Dr. Goldstein's opinions are unreliable. In that regard, the defendant relies on the report of its own expert, Dr. Joshua Sanderson, and the fact that Dr. Goldstein (a) did not perform any diagnostic testing; (b) no screening to determine whether the diagnosis was appropriate and (c) no testing to determine whether the plaintiff was malingering.

In his report, Dr. Sanderson challenges Dr. Goldstein's conclusions, methodology, lack of verification, lack of collateral data and the fact that the plaintiff's prior treating physicians had not or did not report that the plaintiff was being treated for PTSD. However, Dr. Sanderson does not state that, in his opinion, the plaintiff is not suffering with PTSD. Nor does he conclude that Dr. Goldstein has misdiagnosed the plaintiff's condition. Instead, he asserts that the method used and the data on hand were, in his opinion, insufficient and failed to rule out alternative conclusions.

## III.

It appears from the reports provided, and as pointed out by Dr. Sanderson, that the plaintiff received treatment for a mental health condition prior to the events that allegedly gives rise to her claim in her lawsuit. However, the fact that the plaintiff suffered or "had a significant mental health history" prior to her claim, does not mean that the plaintiff "knowingly" played a role in creating that condition or, "knowingly" contributed to her mental health condition. The arguments or conclusions offered by Dr. Sanderson simply support the

view that a jury should decided whether the plaintiff caused or aggravated a preexisting condition, or whether it was a workplace injury and, if so, to what extent. Hence, Dr. Sanderson's opinions simply create fact issues for a jury concerning credibility, for a jury.

The Court finds that Dr. Goldstein is qualified to give testimony on the subject matter, that his testimony will assist a jury in understanding the plaintiff's medical claim(s), that his report is based on sufficient facts, medical history and data and that he has applied the diagnostic principles reliably. Whether more testing could have been done does not mean that his initial opinion is flawed or unreliable, particularly in light of the plaintiff's mental health history. Therefore, the defendant's motion opposing Dr. Goldstein's testimony is Denied.

## IV.

The defendant also challenges the expert testimony of Nora Ostrofe, an economist, primarily her conclusions regard front pay. After setting out the factors that a court should consider in determining whether and to what extent front pay should be awarded, -- *see Renean v. Wayne Griffin & Sons, Inc.,* 945 F.2d 819, 871 (5th Cir. 1991) – the defendant, concedes that a court has wide discretion in determining whether an award should be granted, so long as any award is not "too speculative".

The Court agrees with the defendant that any award that is too speculative should be set aside. That said, the testimony and rulings of the Court on the parameters of any award protects the defendant. And, while Ostrofe's model may be "too" ambitious, that fact alone does not render her testimony inadmissible.

The Court, therefore, finds that Ostrofe is qualified to give testimony, that her testimony will assist the jury and Court in determining both back pay and whether front pay should be

awarded, that her conclusions are based on an appropriate model and data, and that she has applied those principles reliably, even though the extent of any front pay award is subject to adjustment such that it does not offend the facts and law. Therefore, the defendant's motions to exclude is Denied.

    It is so Ordered.

    SIGNED on April 12, 2023, at Houston, Texas.

                                          Kenneth M. Hoyt
                                          United States District Judge