# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **JESSICA CHEATHAM,** | **Case. No. 4:20-cv-02193** |
| *Plaintiff,* | |
| v. | **Hon. Kenneth M. Hoyt** |
| **SCHLUMBERGER TECHNOLOGY CORPORATION,** | **Trial Date:  July 17, 2023** |
| *Defendant.* | |

## DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS

Defendant Schlumberger Technology Corporation submits these proposed jury instructions.

**Defendant's Requested Jury Charge No. 1**

**HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT**
**(Co-Worker Harassment)**

Plaintiff Cheatham claims that she was sexually harassed by Schlumberger co-employees Kenny Fusilier, Leslie Bullard and fellow students at Directional Drilling School, and by individuals who did not work for Schlumberger, the Company Man on the Precision 576 Rig and the Lead Hand on the Precision 576 Rig (Andarko) in Texas in July 2018. Plaintiff Cheatham claims that Defendant STC knew, or in the exercise of reasonable care should have known, of the harassment but did not take prompt remedial action.

Defendant STC denies Plaintiff Cheatham's claims and contends that it took prompt and effective remedial action when Plaintiff Cheatham complained about Kenny Fusilier.  Defendant STC further contends that it did not know or have reason to know about any other alleged harassment.

It is unlawful for an employer to fail to take remedial action when the employer knew, or should have known, that a coworker or third-party sexually harassed an employee.

Under the standard for sexual harassment by co-workers, for Defendant STC to be liable for sexual harassment, Plaintiff Cheatham must prove by a preponderance of the evidence that Kenny Fusilier, Leslie Bullard, the Lead Hand and Company Man on Precision 576 Rig, or fellow students at Directional Drilling School engaged in sexual harassment and:

1. the conduct was sufficiently severe or pervasive to:

   a. alter the terms or conditions of Plaintiff Cheatham's employment; and

   b. create a hostile or abusive work environment; and

2. Defendant STC knew, or in the exercise of reasonable care should have known, that Plaintiff Cheatham was being sexually harassed. To make this showing, Plaintiff Cheatham must prove that:

   a. The harassment was known by or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or the harassment was so open and obvious that Defendant STC should have known of it; and

   b. Defendant STC failed to take prompt remedial action designed to stop the harassment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff Cheatham's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it

was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with Plaintiff work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on sex. Although sexual harassment must be based on sex, it need not be motivated by sexual desire. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to sex, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal or physical conduct because of Plaintiff Cheatham's sex may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both Plaintiff Cheatham's perspective and from the perspective of a reasonable person. First, Plaintiff Cheatham must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff Cheatham would find the conduct offensive.

"Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether the employer's actions were prompt and remedial depends on the facts. You may look at, among other things, the effectiveness of any actions taken.

**Authority**: 5C Pattern Jury Instructions (Civil Cases), § 11.4 (2020).

Given:          _____

Refused:          _____

**Defendant's Requested Jury Charge No. 2**

## STATUTE OF LIMITATIONS – HOSTILE WORK ENVIRONMENT/ SEXUAL HARASSMENT

Defendant STC asserts that Plaintiff Cheatham's sexual harassment claim is barred by the statute of limitations, which is a time limit for bringing a claim. To establish that the statute of limitations bars Plaintiff Cheatham's sexual harassment claim, Defendant STC must prove by a preponderance of the evidence that Plaintiff Cheatham failed to file a charge with the Equal Employment Opportunity Commission, or EEOC, within 300 days of the last alleged act of sexual harassment which you find occurred.

**Authority:** 42 U.S. Code § 2000e–5(e)(1); *Abrams v. Am. Airlines Inc.*, 302 F. App'x 242, 243 (5th Cir. 2008); *Frausto v. Sw. Airlines*, No. CV H-19-4718, 2020 WL 4060309, at *9 (S.D. Tex. June 26, 2020), *report and recommendation adopted*, No. CV H-19-4718, 2020 WL 4059855 (S.D. Tex. July 18, 2020).

Given: _____

Refused: _____

**Defendant's Requested Jury Charge No. 3**

## SEX DISCRIMINATION
**(Motivating Factor)**

Plaintiff Cheatham claims that Defendant STC's actions in (1) banning Plaintiff Cheatham from Chevron rigs, (2) failing to staff her on rigs from October to December of 2019; and (3) offering her a transfer to Alaska were motivated by Plaintiff Cheatham's sex.

The employer, Defendant STC, denies Plaintiff Cheatham's claims, and contends that (1) Chevron excluded Plaintiff Cheatham from working on its jobs because she violated safety rules; (2) Cheatham only received 2 assignments from October to December 2019 because a global oil and gas downturn resulted in reduced work assignments in the Permian Basin; and (3) STC offered Plaintiff Cheatham a transfer to Alaska while her peers were laid off due to the shortage of work in the Permian Basin.

It is unlawful for an employer to discriminate against an employee because of the employee's sex. An employer may, however, make work assignments and transfer offers for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Cheatham must prove by a preponderance of the evidence that:

1. Defendant STC's actions in (1) banning Plaintiff Cheatham from Chevron rigs, (2) failing to staff her on rigs from October to December of 2019; and (3) offering her a transfer to Alaska were motivated by Plaintiff Cheatham's sex.
2. Plaintiff Cheatham does not have to prove that unlawful discrimination was the only reason Defendant STC took those actions.

If you find that the reasons Defendant STC has given for (1) banning Plaintiff Cheatham from Chevron rigs, (2) failing to staff her on rigs from October to December of 2019; and (3) offering her a transfer to Alaska are unworthy of belief, you may, but are not required to, infer that Defendant STC was motivated by Plaintiff's sex.

**Authority**:   5C Pattern Jury Instructions (Civil Cases), § 11.1 (2020).

Given:   _____

Refused:   _____

5

**Defendant's Requested Jury Charge No. 4**

**<u>SEX DISCRIMINATION</u>**
**(Same Decision)**

If you find that Plaintiff Cheatham's sex was a motivating factor in Defendant STC's decision to (1) ban Plaintiff Cheatham from Chevron rigs, (2) only offer two rig assignments from October to December of 2019; and (3) offer her a transfer to Alaska, even though other considerations were factors in the decision, then you must determine whether Defendant STC proved by a preponderance of the evidence that it would have made the same decision even if it had not considered Plaintiff Cheatham's sex.

**Authority**:   5C Pattern Jury Instructions (Civil Cases), § 11.13 (2020).

Given:  _____

Refused:  _____

6

**Defendant's Requested Jury Charge No. 5**

<u>**RETALIATION**</u>
**(But-For Causation)**

Plaintiff Cheatham claims that she was retaliated against by Defendant STC for engaging in activity protected by Title VII. Plaintiff Cheatham claims that she made a complaint to STC's EthicsLine in September 2019. Plaintiff Cheatham claims that Defendant STC retaliated against her for that complaint by (1) banning Plaintiff Cheatham from Chevron rigs, (2) only offering her a few rig assignments from September to December of 2019; and (3) offering her a transfer to Alaska.

Defendant STC denies Plaintiff Cheatham's claims and contends that (1) Chevron excluded Plaintiff Cheatham from working on its jobs because she violated safety rules; (2) Plaintiff Cheatham only received a few assignments from September to December 2019 because a global oil and gas downturn resulted in reduced work assignments in the Permian Basin; and (3) Defendant STC offered Plaintiff Cheatham a transfer to Alaska while her peers were laid off due to the shortage of work in the Permian Basin.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff Cheatham must prove by a preponderance of the evidence that:

1. Plaintiff Cheatham complained about sex discrimination;

2. Defendant STC (1) banned Plaintiff Cheatham from Chevron rigs, (2) only offered her a few rig assignments from September to December of 2019; and (3) offered her a transfer to Alaska; and

3. The above decisions by Defendant STC were on account of Plaintiff's complaint about sex discrimination.

You need not find that the only reason for Defendant STC's decisions was Plaintiff Cheatham's complaint about sex discrimination. But you must find that Defendant STC's decisions relative to Plaintiff Cheatham would not have occurred in the absence of—but for—her complaint about sex discrimination.

If you disbelieve the reasons Defendant STC has given for its decisions, you may, but are not required to, infer that Defendant STC would not have decided as it did but for Plaintiff Cheatham engaging in the protected activity.

**Authority**: 5C Pattern Jury Instructions (Civil Cases), § 11.5 (2020).

Given: _____

Refused: _____

**Defendant's Requested Jury Charge No. 6**

## <u>CONSTRUCTIVE DISCHARGE</u>

Plaintiff Cheatham claims that although Defendant STC did not fire her, she was constructively discharged.

To prove constructive discharge, Plaintiff Cheatham must prove by a preponderance of the evidence that her working conditions were so intolerable that a reasonable employee would feel compelled to resign.

"Intolerable working conditions" means more than conditions that are uncomfortable or worse than an employee might prefer. Teasing, making offhand comments, using offensive language, or making sex-related jokes generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign. Isolated incidents (unless extremely serious) generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign.

In determining whether Plaintiff Cheatham was constructively discharged, you must consider the evidence from both Plaintiff Cheatham's perspective and the perspective of a reasonable person. First, you must look at the evidence from Plaintiff Cheatham's perspective and determine whether she actually felt compelled to resign. Second, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances and determine whether an objectively reasonable person similarly situated would have felt compelled to resign. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, you must find that Plaintiff Cheatham in fact found her working conditions intolerable and also that a reasonable person in the same or similar circumstances as Plaintiff Cheatham would find those working conditions intolerable.

To prove constructive discharge, Plaintiff Cheatham must also prove the existence of an aggravating factor, such as:

(1)   demotion;

(2)   reduction in compensation;

(3)   reduction in job responsibilities;

(4)   reassignment to menial or degrading work;

(5)   reassignment to work under a substantially younger supervisor;

(6)   badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or

(7)   offers of early retirement or continued employment on terms less favorable than the employee's former status.

**Authority**:   5C Pattern Jury Instructions (Civil Cases), § 11.6 (2020).

Given:          _____

Refused:        _____

**Defendant's Requested Jury Charge No. 7**

**<u>DAMAGES</u>**
**(In General)**

If you found that Defendant STC violated Title VII, then you must determine whether it has caused Plaintiff Cheatham damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Cheatham has proved liability.

Plaintiff Cheatham must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork.  On the other hand, Plaintiff Cheatham need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: the amount of damages (other than loss of pay) sustained by Plaintiff Cheatham, including pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

**Authority**:   5C Pattern Jury Instructions (Civil Cases), § 11.14 (2020) (modified).

Given:            _____

Refused:         _____

**Defendant's Requested Jury Charge No. 8**

## DAMAGES
**(Punitive)**

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Cheatham proves by a preponderance of the evidence that:

(1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity;

(2) he engaged in the discriminatory act or practice while acting in the scope of his employment; and

(3) he acted with malice or reckless indifference to Plaintiff Cheatham's federally protected right to be free from discrimination.

If Plaintiff Cheatham has proved these facts, then you may award punitive damages, unless Defendant STC proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether [employee's name] was a supervisor or manager for Defendant STC, you should consider the type of authority [employee's name] had over Plaintiff Cheatham and the type of authority for employment decisions Defendant STC authorized [employee name] to make.[1]

An action is in "reckless indifference" to Plaintiff Cheatham's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Cheatham is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant STC engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant STC made good-faith efforts to  prevent discrimination  in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Cheatham's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant STC acted with malice or reckless indifference to Plaintiff Cheatham's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Cheatham is entitled to

---

[1]    "Employee's name" to be added based on trial evidence.

receive, you may, but are not required to, award Plaintiff Cheatham an additional amount as punitive damages for the purposes of punishing the Defendant STC for engaging in such wrongful conduct and deterring Defendant STC and others from engaging in such conduct in the future. You should presume that Plaintiff Cheatham has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant STC's conduct was. You may consider whether the harm Plaintiff Cheatham suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant STC's conduct that harmed Plaintiff Cheatham also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Cheatham.

2. How much harm Defendant STC's wrongful conduct caused Plaintiff Cheatham and could cause her in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant STC's financial condition, to punish Defendant STC for its conduct toward Plaintiff Cheatham and to deter Defendant STC and others from similar wrongful conduct in the future.

**Authority**: 5C Pattern Jury Instructions (Civil Cases), § 11.14 (2020).

Given: _____

Refused: _____

**Defendant's Requested Jury Charge No. 9**

The United States Equal Employment Opportunity Commission, or EEOC, is the federal agency charged with administering the laws against sex harassment and discrimination.

EEOC task force guidelines on best-practices constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.

**Authority**: 42 USCA § 2000e-4. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).

Given: _____

Refused: _____

**Defendant's Requested Jury Charge No. 10**

Reasonable minds can differ.

**Authority**: *Gollas v. Univ. Of Texas Health Sci. Ctr. At Houston*, 425 F. App'x 318, 322 (5th Cir. 2011)

Given: _____

Refused: _____

**Defendant's Requested Jury Charge No. 11**

Title VII is not a general civility code for the American workplace.

**Authority**: *E.E.O.C. v. Boh Bros. Const. Co.*, 731 F.3d 444, 460 (5th Cir. 2013); *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

Given:          _____

Refused:          _____

**Defendant's Requested Jury Charge No. 12**

In determining whether STC exercised reasonable care to prevent harassment, the question before you is not whether you would have made a different decision, but whether what STC did was reasonable.

**Authority**: *E.E.O.C. v. Boh Bros. Const. Co.*, 731 F.3d 444, 463 (5th Cir. 2013)

Given: _____

Refused: _____

**Defendant's Requested Jury Charge No. 13**

Anti-Harassment efforts need not succeed in order to be reasonable.

**Authority**: *Episcopo v. General Motors,* 2005 WL 352432, 2004 U.S. App. LEXIS 2558 at *10-12 (7th Cir. 2005).  *Madray v.  Publix Supermarkets, Inc.,* 208 F.3d 1290 (11th Cir.  2000).

Given:        _____

Refused:        _____

**Defendant's Requested Jury Charge No. 14**

STC is not liable for sexual harassment if Plaintiff Cheatham reported the harassment, it was promptly investigated and addressed, the harasser was disciplined, and the Plaintiff was instructed to report any further harassment but did not.

**Authority**: *Woods v. Delta Beverage, Inc.,* 274 F.3d 295, 299-301 (5th Cir. 2001)

Given:            _____

Refused:         _____

**Defendant's Requested Jury Charge No. 15**

STC was not required to use the most serious sanction available to punish an offender, such as Kenny Fusilier.

**Authority**: *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 525 (5th Cir. 2001)

Given: _____

Refused: _____

**Defendant's Requested Jury Charge No. 16**

If the employee utilizes the employer's complaint procedure to report the harassment, or if the employer otherwise has *actual* knowledge of the harassment, the employer is required to investigate and, if appropriate, to take prompt and effective remedial action.  If the employer does so, the employer is not liable for the harassment.

**Authority**: *Ford v. West,* 222 F.3d 767 (10th Cir. 2000)

Given:  _____

Refused:  _____

**Defendant's Requested Jury Charge No. 17**

If an employer takes reasonable steps to discover and rectify the harassment of its employees, it has discharged its legal duty.

**Authority**: *Williams v. Waste Management of Ill., Inc.,* 361 F.3d 1021, 1029-30 (7th Cir. 2004)

Given:          _____

Refused:          _____

**Defendant's Requested Jury Charge No. 18**

STC is not liable for coworker harassment that Plaintiff did not report under STC's complaint procedure.

**Authority**: *Walton v. Johnson & Johnson Services*, 347 F.3d 1272, 1286 (11th Cir. 2003)

Given:          _____

Refused:        _____

**Defendant's Requested Jury Charge No. 19**

STC is not liable for harassment by supervisors if the evidence shows that STC "exercised reasonable care to prevent and correct promptly any [unlawful] harassing behavior," and the plaintiff "unreasonably failed to take advantage of any preventative or corrective opportunities provided by the [employer]."

**Authority**: *Johnson v. Booker T. Washington Broadcasting Service, Inc*., 234 F.3d 501, 510 (11th Cir. 2000) (*citing Faragher*, 524 U.S. at 807).

Given:          _____

Refused:        _____

**Defendant's Requested Jury Charge No. 20**

STC was not negligent in its discovery or response to harassment if it "exercised reasonable care to prevent and correct promptly any [unlawful] harassing behavior," and the Plaintiff "unreasonably failed to take advantage of any preventative or corrective opportunities provided by the [employer]."

**Authority**: *Johnson v. Booker T. Washington Broadcasting Service, Inc.*, 234 F.3d 501, 510 (11th Cir. 2000) (citing *Faragher*, 524 U.S. at 807).

Given: _____

Refused: _____

**Defendant's Requested Jury Charge No. 21**

In evaluating Plaintiff Cheatham's claim for constructive discharge, you must consider STC's legitimate, non-discriminatory reasons for its decisions.   Plaintiff cannot recover for constructive discharge based on STC's employment decisions unless such decisions were based on plaintiff's protected characteristic(s) or protected activity.

**Authority**: *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001); *Robinson v. Waste Mgmt. of Texas*, 122 F. App'x 756, 759 (5th Cir. 2004)

Given:          _____

Refused:          _____

## DEFENDANT'S REQUESTED JURY INTERROGATORIES

Defendant respectfully requests the following interrogatories be submitted to the Jury.

## STATUTE OF LIMITATIONS – HOSTILE WORK ENVIRONMENT/ SEXUAL HARASSMENT

### (Jury Questions)

1.      Do you find that Plaintiff Cheatham filed her EEOC charge within 300 days of the last act of sexual harassment she proved?

Answer "Yes" or "No."


If your answer is "Yes," proceed to the questions regarding Supervisor Hostile Work Environment Sexual Harassment.

If your answer is "No," do not answer the questions regarding Supervisor Hostile Work Environment Sexual Harassment or regarding Coworker/Third Party Hostile Work Environment Sexual Harassment, and proceed to the questions regarding Sex Discrimination.

**<u>COWORKER/THIRD PARTY HOSTILE WORK ENVIRONMENT SEXUAL
HARASSMENT</u>**

**(Jury Questions)**

1.    Has Ms. Cheatham proved that she was sexually harassed either by
Schlumberger coworkers, or by individuals who did not work for Schlumberger?

Answer "Yes" or "No."

If you answered "Yes" to Question No. 1, then answer Question No. 2.

If you answered "No" to Question No. 1, then proceed to the questions
regarding Sex Discrimination, and <u>do not</u> consider Coworker/Third Party Hostile Work
Environment Sexual Harassment in your calculation of damages.

2.    Has Ms. Cheatham proved that the harassment was known by or
communicated to a person with Schlumberger who had the authority to receive,
address, or report the complaint (even if that person did not do so)?

If you answered "No" to Question No. 2, then answer Question No. 3. then
proceed to the questions regarding Sex Discrimination, and <u>do not</u> consider
Coworker/Third Party Hostile Work Environment Sexual Harassment in your
calculation of damages.

3.    Has Ms. Cheatham proved that the harassment was so open and obvious that
Schlumberger should have known of it?

Answer "Yes" or "No."

If you answered "Yes" to <u>either</u> Question No. 2 <u>or</u> 3, then answer Question
No. 4.

If you answered "No" to <u>both</u> Question No. 2 <u>and</u> 3, then proceed to the
questions regarding Sex Discrimination, and <u>do not</u> consider Coworker/Third Party
Hostile Work Environment Sexual Harassment in your calculation of damages.

4.    For any harassment that it knew about, did Schlumberger fail to take prompt
remedial action?

Answer "Yes" or "No."

If you answered "No" to Question No. 4, <u>do not</u> consider Coworker/Third Party
Hostile Work Environment Sexual Harassment in your calculation of damages.

Proceed to the questions regarding Sex Discrimination.

## **SEX DISCRIMINATION**

### **(Jury Questions)**

1.      Has Ms. Cheatham proved that her sex was a motivating factor in Schlumberger's decision(s) to:

(a) Ban Ms. Cheatham from Chevron rigs?

Answer "Yes" or "No."

(b) Only offer Ms. Cheatham a few rig assignments from September to December of 2019?

Answer "Yes" or "No."

(c) Offer her a transfer to Alaska?

Answer "Yes" or "No."

If you answered "Yes" to Question No. 1(a), 1(b), <u>or</u> 1(c), then answer Question No. 2.

If you answered "No" to Question No. 1(a), 1(b), <u>and</u> 1(c), then proceed to the questions regarding Retaliation, and <u>do not</u> consider sex discrimination in your calculation of damages.


2.      Has Schlumberger proved that it would have made the same decisions—even if Schlumberger had <u>not</u> considered Ms. Cheatham's sex—to:

(a) Ban Ms. Cheatham from Chevron rigs?

Answer "Yes" or "No."

(b) Only offer Ms. Cheatham a few rig assignments from September to December of 2019?

Answer "Yes" or "No."

(c) Offer her a transfer to Alaska?

Answer "Yes" or "No."

If you answered "Yes" to Question 2(a), 2(b), <u>or</u> 2(c), then <u>do not</u> consider sex discrimination for that decision in your calculation of damages.

Proceed to the questions regarding Retaliation.

## **RETALIATION**

### **(Jury Questions)**

1.      Has Ms. Cheatham proved that Schlumberger would <u>not</u> have taken the following actions <u>but for</u> Ms. Cheatham's September 2019 EthicsLine complaint:

(a)     Banned Ms. Cheatham from Chevron rigs?

Answer "Yes" or "No."

(b)     Only offered a few rig assignments to Ms. Cheatham from September to December of 2019?

Answer "Yes" or "No."

(c)     Offered Ms. Cheatham a transfer to Alaska?

Answer "Yes" or "No."

If you answered "No" to Question No. 1(a), 1(b), <u>or</u> 1(c), then <u>do not</u> consider retaliation in your calculation of damages.

Proceed to the questions regarding Constructive Discharge.

## **CONSTRUCTIVE DISCHARGE**

### **(Jury Questions)**

1.      Has Ms. Cheatham proved that she was constructively discharged?

Answer "Yes" or "No."

If you answered "No" to Question No. 1, then <u>do not</u> consider constructive discharge in your calculation of damages.

Proceed to the questions regarding Damages.

## **DAMAGES**

### **(Jury Questions)**

1.      What sum of money, if paid now in cash, would fairly and reasonably compensate Ms. Cheatham for the damages, if any, you have found Schlumberger caused Ms. Cheatham?

      Answer in dollars and cents for the following items and none other:

      Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

      _____

      Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

      _____

2.      Do you find that any Schlumberger employee who engaged in discriminatory acts or practices against Ms. Cheatham was acting in a managerial capacity and acted with malice or reckless indifference to Ms. Cheatham's right to be free from discrimination?

      Answer "Yes" or "No."

      If you answered "Yes" to Question No. 2, then answer Question No. 3.  If you answered "No" to Question No. 2, then you are finished.

3.      Do you find that Ms. Cheatham should be awarded punitive damages?

      Answer "Yes" or "No."

      If you answered "Yes" to Question No. 3, then answer Question No. 4. If you answered "No" to Question No. 3, then you are finished.

4.      What sum of money should be assessed against Schlumberger as punitive damages?

      Answer in dollars and cents:

      _____

Respectfully submitted,

/s/ Cecily L. Kaffer
Cecily L. Kaffer (S.D. Tex. Bar No. 2217940)
THE KULLMAN FIRM, PLC
63 S. Royal Street
Suite 1100, Riverview Plaza
Mobile, Alabama 36602
Telephone: (251) 433-1811
Facsimile: (251) 433-1230
E-mail: clk@kullmanlaw.com

Samuel Zurik III (S.D. Texas Bar No. 557386)
MaryJo L. Roberts (S.D. Tex. Bar No. 2220397)
Benjamin P. Kahn (*pro hac vice*)
Benjamin Landau-Beispiel (*pro hac vice*)
THE KULLMAN FIRM, PLC
1600 Poydras St., Suite 1600
New Orleans, Louisiana
Telephone: (504) 524-4162
Facsimile: (504) 596-4114
Email: sz@kullmanlaw.com
Email: mlr@kullmanlaw.com
Email: bpk@kullmanlaw.com
Email: blb@kullmanlaw.com

Setara C. Ozan (*pro hac vice*)
THE KULLMAN FIRM, PLC
600 University Park Place, Suite 340
Birmingham, Alabama 35209
Telephone: (205) 871-5858
Facsimile: (205) 871-5874
Email: sco@kullmanlaw.com

**COUNSEL FOR DEFENDANT,
SCHLUMBERGER TECHNOLOGY
CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on the 21st day of July 2023, a copy of the foregoing has been sent via electronic mail via the Court's CM/ECF system to counsel of record.

**/s/ Cecily L. Kaffer**
CECILY L. KAFFER