UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA CHEATHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-02193 |
| | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION, | § | |
| Defendant. | § | |

## **INSTRUCTIONS TO THE JURY**

The following instructions were presented to the jury on the _____

day of July, 2023.

Signed this 26ᵗʰ day of July, 2023.

1

# I.

## GENERAL INSTRUCTIONS

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of this trial or make in these instructions as an indication that I have any opinion about the facts of this case. After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.

In that regard, statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions. In the verdict form that I will explain in a moment, you will be asked to answer some questions about the factual issues in this case. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions. Remember, your answers and your verdict must be unanimous.

You must answer all questions from a "preponderance of the evidence." By this is meant the greater weight and degree of credible evidence. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may consider the

testimony of all witnesses, regardless of who called them, and all exhibits received in evidence, regardless of who produced them.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witnesses' testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the plaintiff or the defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were

more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if, after considering all the other evidence, you believe that single witness. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

## TYPES OF EVIDENCE

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

I remind you that it is your job to decide whether the plaintiff has proved her case. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## ARGUMENTS OF ATTORNEYS

You must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Charts and graphs may have been

5

used by the attorneys. They are not evidence and were used to explain the testimony of witnesses. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

## COURT RULINGS

During the trial, I sustained objections to certain questions and answers during witness' testimony. You must disregard these questions and answers and not speculate on what that witness might have said. Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law and my rulings, you should disregard anything I may have said or done during the trial in arriving at your own findings as to the facts.

This case should be considered and decided by you as a lawsuit between persons of equal standing in the community, and holding the same or similar stations in life, irrespective of position or title. In other words, a corporation is entitled to the same fair trial as an individual. The parties are equal before the law and must be

6

treated as equals in a court of justice. Therefore, do not let bias, prejudice, or sympathy play any part in your deliberations. Our system of law does not permit jurors to be governed by bias, prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as you have sworn to do—as presented to you by the Court—and reach a just verdict regardless of the consequences.

## II.

## CONTENTIONS OF THE PARTIES

The plaintiff contends that she was treated unfairly at the workplace and wrongfully discharged on account of her sex, gender, or retaliation. When compared to her male counterparts, the plaintiff asserts that she was not treated equally in the workplace. In addition, she claims that after reporting acts of discrimination and retaliation, the investigation was not handled properly, that she was retaliated against and was banned from Chevron rigs, was not staffed on rigs from September 11, 2019, through December 2019 and was offered a lowered-grade position in Alaska, all based under sex, gender, or retaliation.

The defendant denies the plaintiff's claims, and contends that it took prompt and effective remedial action in accordance with its policies and procedures for any reported unlawful conduct, that defendant knew or had reason to know of, and that it did not retaliate or discriminate against the plaintiff. The defendant contends it

7

attempted to staff the plaintiff on available assignments from September of 2019 through December of 2019, including the offer of a lateral position in Alaska in the face of ongoing layoffs. The defendant contends that the plaintiff was not restaffed on Chevron rigs at Chevron's request. The defendant contends that the plaintiff was not constructively discharged but voluntarily resigned her position effective January 2, 2020.

## III.

## SPECIFIC INSTRUCTIONS

### -A-

This lawsuit, brought by the plaintiff, is brought pursuant to 42 U.S.C. § 2000e, commonly referred to as Title VII, and commonly referred to as the Civil Rights Act of 1964. Title VII prohibits discrimination by employers against employees based on sex and gender. In the instance where a claim is asserted against a corporation, persons in supervisory positions are authorized to act on behalf of and bind the corporation as its agents.

### -B-

The plaintiff asserts four claims against the defendant: (a) sex or gender discrimination; (b) hostile work environment; (c) constructive discharge; and (d) retaliation.

8

(a)    In order to establish her claim for **sex or gender discrimination**, the plaintiff must establish by a preponderance of the evidence that one or more of the following actions by the defendant was motivated by her sex or gender the:

1.    plaintiff was removed from all Chevron rigs;
2.    defendant failed to staff the plaintiff on rigs for four months;
3.    defendant pressured the plaintiff to accept a position in Alaska; or
4.    plaintiff was constructively discharged.

The plaintiff does not have to prove that unlawful discrimination was the only reason for the defendant's conduct.  If you find that the reasons the defendant has given for any of these actions are unworthy of belief, you may, but are not required to, infer that the defendant was motivated by the plaintiff's sex or gender.

If you find that the plaintiff's sex or gender was a motivating factor in the defendant's decisions specified above, even though other considerations or factors in the decisions then you must determine whether the defendant proved by a preponderance of the evidence that it would have made the same decisions even if it had not considered the plaintiff's sex or gender.

b)    In order to establish a **hostile work environment** based on sex or gender, the plaintiff must establish by a preponderance of the evidence:

1.    That she belongs to a protected group (*e.g.,* that she is a female)

2.    That she was subjected to unwelcome harassment;

3.    That the harassment was based on sex or gender;

4. That the conduct was sufficiently severe or pervasive to alter the terms, conditions, or privileges of her employment such to create a hostile or abusive work environment; and

5. That defendant knew, or in the exercise of reasonable care should have known, that the plaintiff was being harassed because of her sex or gender. To make this showing the plaintiff must prove, that: (a) the harassment was known by or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or the harassment was so open and obvious that the defendant should have known of it; and (b) the defendant failed to take prompt remedial action designed to stop the harassment.

To determine whether the conduct in this case rises to a level that altered the terms of conditions of the plaintiff's employment, you should consider all of the circumstances, including: (i) the frequency of the conduct; (ii) its severity; (iii) whether it was physically threatening or humiliating, or a mere offensive utterance; and (iv) whether it unreasonably interfered with the plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

In determining whether a hostile work environment existed, you must consider the evidence from both the plaintiff's perspective and from the perspective of a reasonable person. First, the plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of someone who is never offended. Rather, the alleged

harassing behavior must be such that a reasonable person in the same or similar circumstances as the plaintiff would find the conduct offensive.

It is unlawful for an employer to fail to take prompt remedial action when the employer knew, or should have known, that a coworker or third-party sexually harassed an employee. "Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether the employer's actions were prompt and remedial depends on the facts. You may look at, among other things, the effectiveness of any actions taken.

c)      To prove **constructive discharge**, the plaintiff must prove by a preponderance of the evidence that her working conditions were so intolerable that a reasonable employee would feel compelled to resign.

"Intolerable working conditions" means more than conditions that are uncomfortable or worse than an employee might prefer. Teasing, making offhand comments, using offensive language, or making gender-related jokes generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign. Isolated incidents (unless extremely serious) generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign.

In determining whether the plaintiff was constructively discharged, you must consider the evidence from both the plaintiff's perspective and the perspective of a

11

reasonable person. First, you must look at the evidence from plaintiff's perspective and determine whether she actually felt compelled to resign. Second, you must look at the evidence from the perspective of a reasonable person in a similar environment under similar circumstances and determine whether an objectively reasonable person, similarly situated, would have felt compelled to resign. The plaintiff must also prove the existence of an aggravating factor, such as:

1.    demotion;

2.    reduction in compensation;

3.    reduction on job responsibilities;

4.    reassignment to menial or degrading work;

5.    badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or

6.    offer of a transfer relocation to a position on terms less favorable than the employee's current or former status.

d)    In order to establish her claim for **retaliation** against the defendant, the plaintiff must establish by a preponderance of the evidence that the:

1.    plaintiff engaged in protected activity by complaining about gender discrimination, sexual harassment or a hostile work environment, and/or retaliation that she reasonably believed violated Title VII;

2.    defendant subjected the plaintiff to one or more adverse employment actions by (a) banning her from working on Chevron rigs; (b) failing to staff her on rigs for four months; (c) pressuring her to accept a position in Alaska; or (d) constructively discharging her employment.

3.     defendant's decision to subject the plaintiff to one or more of these adverse actions was on account of her protected activity.

Protected activity includes complaints about treatment which an employee has a "reasonable belief" violates Title VII.

An adverse employment action is any action that would have made a reasonable employee reluctant to make or support a charge of discrimination. It is not necessary for you to find that the plaintiff's protected activity was the only reason for the defendant's decisions. But you must find that defendant's decisions would not have occurred but for the plaintiff's exercise of protected activity.

# DAMAGE INSTRUCTIONS

I am about to instruct you as to the proper measure of damages. The fact that I am giving you this instruction should not be considered as an indication of any view of mine as to whether the plaintiff is entitled to a verdict against the defendant with respect to her claims. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of the plaintiff on the question of liability as to her claims by a preponderance of evidence and in accordance with the other instructions I have given you. If you decide that the plaintiff is not entitled to prevail with respect to any of her claims, you need not proceed to the damages issues.

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses or lost wages.  If the plaintiff prevails, she is entitled to compensatory damages for pain and suffering, inconvenience, and mental anguish – if any – that she suffered because of the defendant's wrongful conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's wrongful conduct. The damages

14

that you award must be fair compensation for all of the plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for injuries that the plaintiff has actually suffered or is reasonably likely to suffer in the future.  Nevertheless, the defendant must take the plaintiff as it finds her, and if defendant violated the plaintiff's federal rights, it is liable for all resulting injuries, even if the harm caused by the defendant merely triggered or exacerbated a pre-existing condition that she had or was particularly vulnerable to emotional or psychological injury.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate plaintiff for the harm she has sustained.

## PUNITIVE DAMAGES

If you find that the defendant is liable for the plaintiff's injuries, you must award the plaintiff the compensatory damages that she has proved. You may, in addition, award punitive damages if you find that the defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct under the circumstances manifests a complete lack of concern for the rights or safety of another. The plaintiff has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish the defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you decide to award punitive damages, you must use sound reason in setting the amount. It should be presumed that the plaintiff has been made whole by compensatory damages. Therefore, punitive damages should be awarded only if the defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to punish or deter.

The plaintiff must prove malice by preponderance of the evidence.

16

If you decide to award punitive damages, the following factors may guide you in fixing the proper amount:

1.  the reprehensibility of the defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether the defendant's conduct was motivated by a desire to increase profits or punish the plaintiff;

2.  the relationship between the punitive damages you are considering awarding and the amount of harm that was suffered by the plaintiff or with which the plaintiff was threatened.

You may consider the financial resources of the defendant in fixing the amount of punitive damages.

**INTERROGATORY NUMBER ONE:** Has the plaintiff proven by a preponderance of the evidence that the defendant discriminated against her on the basis of her sex or gender?

Answer "Yes" or "No": _____No_____

**INTERROGATORY NUMBER TWO:** Has the plaintiff proven by a preponderance of the evidence that the defendant subjected her to a hostile work environment?

Answer "Yes" or "No": _____No_____

**INTERROGATORY NUMBER THREE:** Has the plaintiff proven by a preponderance of the evidence that she was constructively discharged?

Answer "Yes" or "No": _____No_____

**INTERROGATORY NUMBER FOUR:** Has the plaintiff proven by a preponderance of the evidence that the defendant retaliated against her?

Answer "Yes" or "No": _____No_____

[If you have answered "Yes" to Interrogatories 1, 2, 3, or 4 then continue; otherwise, stop.]

**INTERROGATORY NUMBER FIVE:** Do you find that the plaintiff should be awarded compensatory damages for pain and suffering, inconvenience, or mental anguish, if any?

Answer "Yes" or "No": _____

[If you answer "Yes" to Interrogatory No. 5, then answer Interrogatory No. 6.]

**INTERROGATORY NUMBER SIX:** What sum of money, if any, should be awarded to the plaintiff for compensatory damages for pain and suffering, inconvenience, or mental anguish?

Answer in Dollars and Cents: $_____

**INTERROGATORY NUMBER SEVEN:** Do you find that the plaintiff should be awarded punitive damages based on the defendant's reprehensible conduct, if any?

Answer "Yes" or "No": _____

[If you answer "Yes" to Interrogatory No. 7, then answer Interrogatory No. 8.]

**INTERROGATORY NUMBER EIGHT:** What sum of money, if any, should be awarded to the plaintiff for any reprehensible conduct of the defendant that you have found, as punitive damages?

Answer in Dollars and Cents: $_____

## IV.

## DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written

questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and return the foregoing as our unanimous verdict to the Court.



Jury Foreperson

7/26/23
Date